UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONYEILL DODD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-381 TS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Donyeill Dodd, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 90 day loss of good time in case MCF 05-09-0647, which was imposed by the Disciplinary Hearing Board ("DHB") at the Miami Correctional Facility on October 6, 2005. The DHB found Mr. Dodd guilty of being a habitual conduct rule violator in violation of A-105 because he had accumulated at least four rule violations in a six-month time period. Mr. Dodd raises five grounds in his habeas petition.

In his first argument, Mr. Dodd asserts that he can only be charged with a habitual conduct rule violator charge once every six months. Mr. Dodd contends that he was charged with a habitual conduct rule violator charge on May 11, 2005, and again on September 29, 2005. A-105 defines the offense as "being found guilty of four (4) Class A, B, or C rule violations involving four (4) unrelated incidents within the last six months." DE 1-2 at 16. A-105 does not limit the filing of a habitual conduct rule violator charge to one time in a six month period. Rather, whenever an offender has committed four unrelated incidents in a six-month period of time, an A-105 violation may be found. Furthermore, according to Mr. Dodd's exhibits in support of his petition, his appeal of the May 11, 2005, habitual conduct rule violator charge was granted, and thus, he was not

punished for this offense. DE 1-2 at 2. In addition, he was advised that "receipt of further conduct will result in the charge being re-filed." DE 1-2 at 2. Therefore, it was not in error to charge Mr. Dodd as a habitual conduct rule violator on September 29, 2005, after he had accumulated additional conduct reports.

In his second argument, Mr. Dodd alleges that his habitual conduct rule violator conduct report states that he was found guilty on September 21, 2005, of 213 B-Intimidation or Threatening Another, when in reality, he was found guilty of this charge on June 21, 2005. In essence, Mr. Dodd is arguing that there was insufficient evidence to find him guilty because the date of one of his underlying offenses is incorrect. When addressing such a challenge, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 457. Therefore, "once

2

the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, Mr. Dodd does not allege that he was not found guilty of 213 B-Intimidation or Threatening Another, but rather states that the date of his hearing is incorrect on his habitual violator conduct report. Even assuming that the date is incorrect and that his hearing for the 213 B-Intimidation or Threatening Another charge was on June 21, 2005, the revised date is still within six months of the habitual conduct rule violator charge, which was filed on September 29, 2005. Furthermore, the report of conduct lists five conduct violations between April 4, 2005, and September 29, 2005. Even without the 213 B-Intimidation or Threatening Another charge, Mr. Dodd had four other conduct violations which would support a habitual conduct rule violator charge. As a result, there is some evidence in the record to support the DHB's determination.

In Mr. Dodd's third and fifth arguments, he asserts that the Adult Disciplinary Procedures ("ADP") were violated. Relying once again upon the discrepancy in the date of the hearing on the 213 B-Intimidation or Threatening of Another charge, Mr. Dodd contends that in accordance with the ADP, a hearing for his habitual conduct rule violator charge had to be held within seven days of June 21, 2005. He asserts that the habitual offender charge was not filed until September 29, 2005, and that the hearing was not held until October 6, 2005. In addition, he alleges that the screening officer who wrote him up for being a habitual conduct rule violator did not have the authority to do so. This argument does not entitle Mr. Dodd to habeas corpus relief, which is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). This Court cannot

grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Mr. Dodd's fourth argument is that in order to be guilty of habitual conduct rule violator, he must have either four class A violations, four class B violations, or four class C violations within six months. Mr. Dodd had two class B violations and three class C violations. DE 1-2 at 10. The rule, A-105, only requires that an offender be found guilty of four class A, B, *or* C violations. DE 1-2 at 16. A-105 does not require that the offenses be of the same class, but rather that there be a total of four violations that are either class A, B, or C.

Because "it plainly appears from [Mr. Dodd's] petition and any attached exhibits" that he "is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 Governing Section 2254 Cases.

For the foregoing reasons, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

SO ORDERED on January 10, 2007.

                               s/ Theresa L. Springmann  
                               THERESA L. SPRINGMANN  
                               UNITED STATES DISTRICT COURT